## Doboscinski's Estate

*Reynolds & Reynolds*, for petitioner.

*A. H. Jones* and *M. S. De Pierro*, contra.

HELLER, P. J., January 6, 1932.—This matter comes before the court on a citation issued to Joseph Lukoski, executor under the will of the decedent, and to Oliva Zadra, purchaser of the real estate of the decedent. Answers were filed, and it is upon the citation and answers that the matter comes before the court.

The decedent died testate on October 19, 1921, and on October 17th, two days prior to her death, she made and executed her last will and testament. In clause two of her will she provided as follows:

"I give and bequeath to the Consul of the 'Polish Republic' the sum of $2,000, for the benefit of the 'Polish Republic'." Her brother, Joseph Lukaski, is the residuary legatee and also the executor under the will.

At the time of the death of the decedent she was the owner in fee of real estate situate in the Borough of Freeland, Luzerne County, and it is this property which the residuary legatee has sold to Oliva Zadra. The bequest to the Polish Republic remains unpaid, and the citation was awarded on the petition of the Republic of Poland to show cause why the bequest of $2,000 should not be paid by the executor or attached to the real estate as conveyed. The contention of

the residuary legatee is that the bequest to the Polish Republic is void under section 6 of the Wills Act of June 7, 1917, P. L. 403, which reads as follows:

"No estate, real or personal, shall be bequeathed or devised to any body politic, or to any person in trust for religious or charitable uses, except the same be done by will attested by two credible, and, at the time, disinterested witnesses, at least thirty days before the decease of the testàtor; and all dispositions of property contrary hereto shall be void and go to the residuary legatee or devisee, heirs or next of kin, according to law. A disinterested witness, within the meaning of this section, is a witness not interested in such religious or charitable use,—this section not being intended to apply to a witness interested in some other devise or bequest in the same instrument."

The contention of the Republic of Poland is that the legacy was not for a religious or charitable use.

If this bequest is a charitable legacy, then it would be void under section 6 of the Act of June 7, 1917, the bequest having been made within two days prior to the decedent's death. Justice Von Moschzisker in the case of the Centennial and Memorial Association of Valley Forge, 235 Pa. 206, defines a charity (p. 211):

"A charity in legal sense may be more fully defined as a gift to be applied consistently with existing laws for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government."

In the same case Justice von Moschzisker defines public charity as follows:

"The attempt to formulate a definition that is so specific as to cover every public charity, is sure to prove a failure. Charitable uses take such varied forms that a specific enumeration of the classes or objects is necessarily defective. The scope of a charitable use is well defined in Perrÿ on Trusts, cited in Ould v. Washington Hospital, 95 U. S. 303, 'A charitable use, where neither law nor public policy forbids, may be applied to almost anything that tends to promote the well-doing and well-being of social man.' In Episcopal Academy v. Philadelphia, 150 Pa. 565, this court said: 'Whatever is gratuitously done or given, in relief of the public burdens or advancement of the public good, is a public charity. In every such case as the public is the beneficiary, the charity is a public charity.'"

In the case of Thorp, Trustee, v. Lund et al., 227 Mass. 474, 478, 116 N. E. 946, in describing a gift to a nation, the court states:

"A gift to a civilized and friendly nation for a national purpose, if no other words were used, would be a valid charity under numerous authorities. It is within the scope of the concluding phrases of the classic definition of a charity given by this court, speaking through Mr. Justice Gray. . . . 'A charity, in the legal sense, may be more fully defined as a gift, . . . for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government.'"

With these interpretations of what constitutes a charitable bequest before us, we come to the conclusion, as a matter of law, that the bequest to the Republic of Poland is a charitable bequest; the will having been made two days prior to the decedent's death the bequest is therefore void under section 6 of the Act of June 7, 1917, P. L. 403, and we must therefore dismiss the citation awarded.

From Frank P. Slattery, Wilkes-Barre, Pa.